IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Joshua Bower, #59788-056,<br><br>    Plaintiff,<br><br>vs.<br><br>Jude Onuoha, M.D., FCI Bennettsville; Foy D. Connell, McLeod Health Cheraw,<br><br>    Defendants. | C/A No.: 1:20-1213-SAL-SVH<br><br><br><br>ORDER AND NOTICE |

  Joshua Bower ("Plaintiff"), proceeding pro se and in forma pauperis, filed this complaint seeking compensatory damages pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 18 U.S.C. § 1346(b) ("FTCA"). Plaintiff sues the above-listed defendants for alleged constitutional rights violations while he was incarcerated at the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield"), a facility of the Bureau of Prisons ("BOP").

  Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I. Factual and Procedural Background

In his complaint, Plaintiff alleges he was sent to McLeod Health in Cheraw, South Carolina, on July 22, 2018, as a result of his severe abdominal pain. [ECF No. 1 at 4]. Dr. Connell, a doctor at McLeod Health, examined him and found no overt bowel obstruction, but he noted fluid in Plaintiff's small intestine and abdomen. *Id.* at 5. Dr. Connell diagnosed him with a virus and discharged him. *Id.*

Plaintiff claims he suffered severe pain for the following two weeks and complained to FCI-Edgefield medical staff on August 9, 2018. *Id.* Dr. Onuoha at FCI-Edgefield gave Plaintiff an x-ray and advised him there were no signs of a bowel obstruction on the x-ray. *Id.* at 6. Plaintiff continued to experience severe pain and was taken to the hospital later that night. Plaintiff alleges the hospital medical staff gave him another x-ray, which revealed a small bowel obstruction. *Id.* at 8. Plaintiff remained in the hospital until his discharge on August 19, 2018. *Id.* at 9–10.

On October 9, 2018, Plaintiff again suffered from extreme abdomen pain. *Id.* at 10. Dr. Onuoha told him to wait until the morning despite Plaintiff's severe pain. *Id.* at 11–12. He was eventually taken to the hospital where a surgery was performed. *Id.* at 12–13.

2

Plaintiff alleges Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Additionally, he alleges medical malpractice pursuant to the FTCA.

II. Discussion

A. Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction

3

afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

B. Analysis

1. Failure to State a *Bivens* of FTCA claims against Connell

Plaintiff brings his case pursuant to *Bivens*, 403 U.S. 388. In *Bivens*, the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal

4

constitutional rights. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983 and case law involving § 1983 claims is applicable in *Bivens* actions and vice versa. *Farmer v. Brennan*, 511 U.S. 825 (1994). Just as a plaintiff must show a person acted under the color of state law to pursue a § 1983 claim, Plaintiff must show that Defendants acted under the color of federal law to state a claim pursuant to *Bivens*. Here, Plaintiff has failed to show that Dr. Connell was a federal actor, as he alleged only that Dr. Connell treated him after he was taken to McLeod Health, an independent medical facility. Therefore, Plaintiff cannot state a claim against Dr. Connell pursuant to *Bivens*.

Similarly, Plaintiff cannot assert a FTCA claim against Dr. Connell. The FTCA represents a limited congressional waiver of sovereign immunity for injury or loss caused by the negligent or wrongful act of a Government employee acting within the scope of his or her employment. *Medina v. U.S.*, 259 F.3d 220, 223 (4th Cir. 2001). Here, Plaintiff has not alleged that Dr. Connell was a government employee, and in fact stated that he is an employee of McLeod Health. [ECF No. 1 at 1]. Therefore, Plaintiff cannot bring a FTCA claim against Dr. Connell.

2. Medical Malpractice

To the extent Plaintiff attempts to bring a claim for medical malpractice, he has failed to comply with the requirements of S.C. Code Ann. § 15-36-100

5

and § 15-79-125, *et seq.*, for filing medical malpractice actions. Specifically, Plaintiff failed to contemporaneously file an expert witness affidavit prior to filing the complaint. Therefore, to the extent Plaintff's complaint asserts claims of medical malpractice, such claims should be dismissed because he failed to comply with the statute's requirements for filing a medical malpractice claim.

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **May 5, 2020**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A. If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that his claim for medical malpractice against either defendant and his claims against Dr. Connell be dismissed without leave for further amendment.

IT IS SO ORDERED.

April 14, 2020  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge