IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Joshua Bower, | ) | C/A No. 1:20-cv-01213-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Jude Onuoha, M.D., C.D. FCI Bennettsville, | ) | |
| SC, and Foy D. Connell, M.D., McLeod | ) | |
| Health Cheraw, both individually and as | ) | |
| Employees of their respective employers, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of two Reports and Recommendations of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) (together the "Reports"). [ECF Nos. 15, 26.] For the reasons outlined herein, the court adopts the Reports and dismisses the above-captioned action.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Joshua Bower ("Plaintiff"), appearing *pro se* and proceeding *in forma pauperis*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the Federal Tort Claims Act, 18 U.S.C. § 1346(b) ("FTCA"), alleging purported constitutional violations while he was incarcerated at a Bureau of Prisons facility, the Federal Correctional Institution in Edgefield, South Carolina ("FCI-Edgefield").

Specifically, Plaintiff claims that while incarcerated he suffered severe abdominal pain and was sent to McLeod Health in Cheraw, South Carolina. [ECF No. 1 at 4.] Dr. Foy D. Connell ("Dr. Connell"), a doctor at McLeod Health, examined Plaintiff. *Id.* at 5. Dr. Connell did not find any overt bowl obstruction, but noted fluid in Plaintiff's small intestine and abdomen. *Id.* Plaintiff was diagnosed with a virus and discharged. *Id.*

1

Plaintiff contends he continued to suffer pain for two weeks and complained to the FCI-Edgefield medical staff on August 9, 2018.  *Id.*  At that time, Dr. Jude Onuoha ("Dr. Onuoha"), an employee on FCI-Edgefield's medical staff, conducted an x-ray and again advised Plaintiff that there were no signs of a bowl obstruction.  *Id.* at 6.  The night of August 9, 2018, Plaintiff was taken to the hospital for continued severe pain.  At the hospital, Plaintiff claims he received another x-ray, which revealed a small bowl obstruction. *Id.* at 8.  Plaintiff was discharged ten days later. *Id.* at 9–10.

Just under a month after his hospital discharge, on October 9, 2018, Plaintiff again suffered extreme abdominal pain.  Plaintiff claims he was told by Dr. Onuoha to wait until morning for medical attention.  *Id.* at 11–13.  Plaintiff was ultimately taken to the hospital where he underwent surgery.  *Id.* at 13–15.  Plaintiff then instituted this action alleging Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment and medical malpractice pursuant to the FTCA.

In accordance with 28 U.S.C. § 1915, the Magistrate Judge reviewed Plaintiff's complaint to determine whether it set forth a cognizable claim.  Because 28 U.S.C. § 1915 allows an indigent litigant to commence an action without prepaying the administrative costs associated with filing a lawsuit, it is a privilege that can be subject to abuse.  To prevent against such abuses, the statute allows a district court to dismiss a case upon finding that the action fails to state a claim or that it is frivolous or malicious.  28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A claim based on a meritless legal theory may be dismissed *sua sponte*. *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pursuant to the foregoing authority, the Magistrate Judge issued a Report and Recommendation on May 27, 2020 ("May 2020 Report"), recommending that the court dismiss Plaintiff's claims

against Dr. Connell and dismiss the medical malpractice claims without leave to further amend.[1] [ECF No. 15.] Plaintiff filed a "response" in which he conceded that he could not state a viable medical malpractice claim and "agree[d] with the R&R to remove Dr. Connell and McLeod Cheraw from [his] complaint." [ECF No. 17.] The case proceeded as to Dr. Onuoha.

On August 20, 2020, Dr. Onuoha filed a motion to dismiss the complaint for lack of jurisdiction. [ECF No. 21.] Plaintiff filed a late response on November 2, 2020.[2] The Magistrate Judge considered the issues and issued a Report and Recommendation on December 29, 2020 ("December 2020 Report"). [ECF No. 32.] Therein, the Magistrate Judge recommended that the court grant Dr. Onuoha's motion and dismiss Plaintiff's claims for failure to exhaust administrative remedies. *Id.* Attached to the Report was the notice of right to file objections. Plaintiff had until January 15, 2021 to file his objections, if any. To date, Plaintiff has not filed objections. Accordingly, the issues in this matter are ripe for resolution by this court.

## DISCUSSION

### I. Review of the May 2020 Report.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to,

---

[1] By order dated April 14, 2020, the Magistrate Judge gave Plaintiff an opportunity to correct the defects in his pleading and further warned him that failure to cure the identified deficiencies would result in a recommendation of dismissal without further leave to amend. [ECF Nos. 4, 5.] Plaintiff failed to file an amended complaint correcting the identified deficiencies, and the May 2020 Report followed.

[2] The court accepted the late response and allowed the motion to proceed on the merits. [*See* ECF No. 30 (declining report and recommendation recommending dismissal for failure to prosecute and recommitting matter to the Magistrate Judge).]

and the court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).

In the absence of objections, the court is not required to provide an explanation for adopting the

Report and must "only satisfy itself that there is no clear error on the face of the record in order to

accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th

Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

As noted above, Plaintiff conceded that dismissal of Dr. Connell as a party to this action was

appropriate and also conceded that he could not state a viable claim for medical malpractice.  [*See*

ECF No. 17.]  As a result, Plaintiff has not objected to any of the recommendations in the May

2020 Report.  This court, therefore, need only review the Report for clear error.  After a thorough

review of the Report, the applicable law, and the record of this case in accordance with the above

standard, the court finds no clear error and adopts the May 2020 Report in its entirety.

## II. Review of the December 2020 Report.

Turning to the December 2020 Report, Plaintiff's deadline to file objections was January 15,

2021.[3]  To date, no objections have been filed.  Again, this court need only review the Magistrate

Judge's Report for clear error.  Finding none as to the recommendation of dismissal for failure to

exhaust administrative remedies, the court hereby adopts the December 2020 Report in its entirety.

## CONCLUSION

In accordance with the foregoing, the court hereby **ADOPTS** the May 2020 and December

2020 Report and Recommendations, ECF Nos. 15, 32, and incorporates both Reports herein by

reference.  As a result, Dr. Connell is **DISMISSED** from the action, the medical malpractice claims

---

[3] January 12, 2021, plus the three additional days provided by Federal Rule of Civil Procedure 6. [ECF No. 32.]

are **DISMISSED with prejudice**, Dr. Onuoha's Motion to Dismiss, ECF No. 21, is **GRANTED**,

and all remaining claims are **DISMISSED** for failure to exhaust administrative remedies.

    **IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

January 20, 2021
Florence, South Carolina