IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Joshua Bower,                    )     C/A No. 1:20-cv-01213-SAL
                             )
          Plaintiff,    )
                             )
v.                         )
                             )     **OPINION & ORDER**
Jude Onuoha, M.D., C.D. FCI Bennettsville, )
SC, and Foy D. Connell, M.D., McLeod   )
Health Cheraw, both individually and as  )
Employees of their respective employers,  )
                             )
         Defendants.  )
                             )

On January 20, 2021, the undersigned issued an Order adopting two Reports and Recommendations of United States Magistrate Judge Shiva V. Hodges. [ECF No. 35.] Twelve days later, the court received a Motion for Extension of Time from Plaintiff Joshua Bower ("Plaintiff"). [ECF No. 38.][1]

Based on the allegations[2] in Plaintiff's Motion and out of an abundance of caution, the court issued an Order partially granting Plaintiff's request for relief. [ECF No. 39.] The Order extended the deadline to serve objections to the December 29, 2020 Report and Recommendation ("December Report") to March 1, 2021. *Id.* If Plaintiff timely served objections in accordance with the February 5, 2021 Order, the court would vacate its January 20, 2021 Order and consider Plaintiff's objections. *Id.*

---

[1] The Motion for Extension of Time included a certificate of service indicating it was "executed" on January 21, 2021—one day after Plaintiff claims he received a copy of the December 29, 2020 Report and Recommendation from mailroom staff. [ECF No. 38 at p.3.]

[2] Much like Plaintiff's prior filings, however, the Motion for Extension of Time was not verified. [*See* ECF No. 32 at p.4, n.3 ("[N]one of Plaintiff's submissions to the court are verified.").]

On March 9, 2021, the court received Plaintiff's "Opposition to the Magistrate Judge's Report and Recommendation."  [ECF No. 42.]  The unverified certificate of service represents that the document was served on February 24, 2021.  *Id.* at p.7.  Accordingly, the Court construes the filing as "Objections" to the December Report.  Because Plaintiff submitted Objections prior to the extended deadline, the Court hereby **VACATES** the portion[3] of its January 20, 2021 Order adopting the December Report and proceeds with considering Plaintiff's Objections in accordance with the applicable standards.

### REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court.  *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'"  *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation

---

[3] Plaintiff's March 9, 2021 Objections are directed solely at the December 29, 2020 Report and Recommendation.  The portion of the Court's January 20, 2021 Order addressing and adopting the May 27, 2020 Report and Recommendation, ECF No. 15, stands.  [ECFR No. 35 at pp. 3–4, Section I.]

omitted).  A specific objection "requires more than a reassertion of arguments from the [pleading]

or a mere citation to legal authorities."  *Sims v. Lewis*, No. 6:17-cv-3344, 2019 WL 1365298, at *2

(D.S.C. Mar. 26, 2019).  It must "direct the court to a specific error in the magistrate's proposed

findings and recommendations."  *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Thus, "[i]n

the absence of *specific* objections . . . this court is not required to give any explanation for adopting

the recommendation."  *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009).

## DISCUSSION

In the December 2020 Report, the Magistrate Judge recommends the undersigned grant

Defendant Dr. Judge Onuoha ("Dr. Onuhoa")'s motion to dismiss for failure to exhaust

administrative remedies.[4]  [ECF No. 32.]  Dr. Onuhoa argued that Plaintiff failed to timely exhaust

his administrative remedies pursuant to the Prison Litigation Reform Act ("PLRA"), specifically

42 U.S.C. § 1997e(a).  After outlining the applicable standards and law, the Magistrate Judge

concluded that "there is no indication that Plaintiff filed any remedies relation to the allegations in

his complaint or any other issues while at FCI-Bennettsville."  *Id.* at pp.15–16.  The Magistrate

Judge noted that Plaintiff did "not dispute that he failed to file any remedies relating to his

allegations."  *Id.* at p.16.  Because Plaintiff failed to present any evidence of exhaustion or provide

a legally viable argument to overcome the exhaustion requirement, the Magistrate Judge

recommended dismissal.  *Id.*

In the Objections, Plaintiff again does not dispute that he failed to exhaust administrative

remedies as required by the PLRA.  [ECF No. 42.]  Instead, he asks this court to excuse exhaustion.

Plaintiff argues three reasons why this court should excuse his failure to exhaust administrative

---

[4] Dr. Onuhoa filed a motion to dismiss pursuant to Rule 12(b)(1) and (6), FRCP or, in the alternative, motion for summary judgment pursuant to Rule 56, FRCP.  [ECF No. 21.]

remedies: (1) the administrative remedy would be "plainly inadequate" because even if he filed a grievance, "that grievance is automatically denied and the inmate is told to file a tort claim," *id.* at p.3; (2) "his filing to the court . . . clearly alleges a constitutional challenge, claiming a complete lack of medical competence, resulting [in] an Eighth Amendment claim," *id.* at p.4; and (3) exhausting would be futile because "the B.O.P. will clearly reject the claim," *id.* at p.5. The court must decline Plaintiff's request.

"The doctrine [of exhaustion of administrative remedies] provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Woodford v. Ngo*, 548 U.S. 81, 88–91 (2006); *see also* 42 U.S.C. § 1997e(a). The PLRA's exhaustion requirement is statutory, not judge-made. As a result, the United States Supreme Court has made it clear that as a "mandatory exhaustion statute[]," it "foreclose[es] judicial discretion." *Ross v. Blake*, 136 S. Ct. 1850, 1857 (2016). A court may not excuse a failure to exhaust, even to take into account "special circumstances." *Id.* at 1856.

However, the PLRA does contain one exception to mandatory exhaustion: when the administrative remedies are "available" to an inmate. *Id.* at 1858. The Supreme Court has provided three scenarios where administrative remedies are considered "unavailable:" (1)  when they operate as a simple dead end; (2) where the process is so confusing that it is incapable of use; and (3) where prison administrators thwart inmates from taking advantage of the grievance process through machination, misrepresentation, or intimidation. *Id.* at 1858–60. As outlined below, none of Plaintiff's excuses for exhaustion meet scenarios envisioned by the Supreme Court in *Ross*.

Plaintiff's first excuse comes closest. He states that "if an inmate files a grievance within the system where the relief requested is a monetary one, the grievance is automatically denied and the inmate is told to file a tort claim." [ECF No. 42 at p.3.] This appears to be an attempt to reach the

4

"simple dead end" scenario described in *Ross*. Under this scenario, the focus is on the fact that administrative remedies must be "available" to be exhausted. *Ross*, 136 S. Ct. at 1859. If "officials have apparent authority, but decline to ever exercise it," there is not the possibility of some relief. *Id.*

Assuming Plaintiff is equating an "automatic denial" with the "simple dead end" envisioned in *Ross*, there is no evidence in the record to support Plaintiff's blanket contention. The unavailability of an administrative remedy is Plaintiff's burden. *See Graham v. Gentry*, 413 F. App'x 660, 663 (4th Cir. 2011) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.") (internal citation omitted). Moreover, *Ross* specifically requires "facts" to "demonstrate that no such potential [for relief] exists" before excusing a prisoner from his "obligation to exhaust the remedy." 136 S. Ct. at 1859.

To meet his burden and defeat Dr. Onuoha's motion, Plaintiff must have some evidence in the record indicating that prison officials have the authority to provide the relief Plaintiff seeks, but "decline ever to exercise it." *Id.* In this case, Plaintiff failed to submit *any* evidence in support of his claims or in opposition to the evidence submitted by Dr. Onuoha. *See* [ECF No. 32 at n.3.] Thus, this court, viewing the entire record in a light most favorable to Plaintiff, is without *any* evidence to even suggest that Plaintiff's request would have been automatically denied. Courts in this District have denied summary judgment when there were "thin[] records," *Wilson v. Eagleton*, No. 1:18-cv-50, 2018 WL 4908277, at *3 (D.S.C. Oct. 10, 2018), but this court is unaware of a situation in which the Plaintiff's blanket, unsupported allegation in an Objection alone was sufficient. *See id.* (finding administrative remedies were unavailable to the plaintiff where "the record supports finding that Defendants were 'consistently unwilling' to engage with Plaintiff's

grievances, which Defendants were empowered to consider, but nonetheless 'declined [ ] to exercise' their authority to review"); *Mann v. Scott*, No. 0:14-cv-3474, 2015 WL 5165198, at *5 (D.S.C. Sept. 1, 2015) ("The Court finds that the prison's failure to respond to Plaintiff's RTS's made an administrative remedy unavailable in this case, excusing his resulting failure to exhaust prior to filing suit. The Motion for Summary Judgment is denied as to its administrative exhaustion grounds.").

Plaintiff's second and third excuses are subject to quick disposal. Neither falls within the scenarios envisioned by *Ross*. Accordingly, there is no evidence in the record to suggest that the administrative remedies were "unavailable" to Plaintiff. The court, therefore, declines to excuse Plaintiff's failure exhaust administrative remedies, and his lawsuit must be dismissed without prejudice. *See* § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

## CONCLUSION

In accordance with the foregoing, the court hereby **OVERRULES** Plaintiff's objections, ECF No. 42, and **ADOPTS** the December 2020 Report and Recommendation, ECF No. 32. Dr. Onuoha's Motion, ECF No. 21, is **GRANTED**, and Plaintiff's claims are **DISMISSED** *without prejudice* for failure to exhaust administrative remedies.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon_____
United States District Judge

March 22, 2021
Florence, South Carolina

6